**W. H. DIXON et al., Appellants,**

v.

**W. D. HUDSON, County Judge, et al., Appellees.**

No. 5250.

Court of Civil Appeals of Texas.

El Paso.

June 26, 1957.

Rehearing Denied July 17, 1957.

Cliff Tupper and W. E. Hall, San Angelo, for appellants.

Billy R. Snow, Big Lake, Gibson, Spence & Gibson, Austin, Carl Runge, San Angelo, for appellees.

HAMILTON, Chief Justice.

This is an appeal from a judgment by the Reagan County District Court, in a suit filed by W. H. Dixon and others, of Reagan County, Texas, seeking to have declared void an order of election, together with the election which followed, and all proceedings of the Commissioners' Court of Reagan County, Texas, in creation of the Reagan County Water Supply District. The trial court's judgment held such election order, the election, and proceedings of the Commissioners' Court to be valid.

This case involves the construction of a statute, Article 8280–181, Vernon's Ann. Civ.St., creating the Reagan County Water Supply District, comprising the entire county of Reagan. Such statute provides that thirty days after the effective date of the Act, the Commissioners' Court of Reagan County shall, without the necessity of having a petition presented, order an election to be held within the Reagan County Water Supply District, for the purpose of confirming the organization of the District. Such an election was ordered by the Commissioners' Court of Reagan County, and same was held. The majority of the voters voting at said election confirmed the organization of the District by their votes. However, there were not held separate elections in the incorporated City of Big Lake and the territory in the county outside of said incorporated city, nor were the votes counted and canvassed independently therein. The appellants contend that separate elections should have been held within the incorporated City of Big Lake, and within the territory outside of the City of Big Lake, as provided in Article 7775a, V.A.T.S., it being their contention that said Article was made a part of the Act creating said District by reference. We disagree with this contention.

For the purpose of our discussion, the pertinent parts of said Act creating the Reagan County Water Supply District, and said Article 7775a, are set out as follows:

"Art. 8280–181. Reagan County Water Supply District

"Section 1. Under and pursuant to the provisions of Section 59, Article 16, of the Constitution, a conservation and reclamation district is hereby created and incorporated in Reagan County, Texas, to be known as 'Reagan County Water Supply District,' hereinafter sometimes referred to as the 'District,' and such District shall include all of the area of Reagan County, Texas, and the boundaries of said District shall be identical with the boundaries of said County.

"Sec. 2. The District shall have and exercise, and is hereby vested with all of the rights, powers, privileges and duties conferred and imposed by the general laws of this State now in force or hereafter enacted, applicable to water control and improvement districts created under authority of Section 59, Article 16, of the Constitution, but to the extent that the provisions of any such general laws may be in conflict or inconsistent with the provisions of this Act, the provisions of this Act shall prevail. All such General laws are hereby incorporated by reference with the same effect as if incorporated in full in this Act. Provided, that the District shall not be empowered to exercise the power of eminent domain outside the boundaries of the District, except for the condemnation of easements and right of ways for ditches or pipelines for the transportation of water.

"Sec. 3. The management and control of the District is hereby vested in a board of directors which shall have all of the powers and authority conferred and imposed upon boards of directors of water control and improvement districts organized under the provisions of Chapter 25, Acts of the Thirty-ninth Legislature passed in 1925, and amendments thereto, as incorporated in Title 128, Chapter 3A, of Vernon's Civil Statutes of the State of Texas, and amendments thereto. The board of directors shall be composed of five (5) members. No person shall be appointed a director unless he resides in and owns taxable property in the District, and who has duly rendered the same for taxation. All directors shall subscribe to the Constitutional Oath of Office and give bond in the amount of Five Thousand Dollars ($5,000). No member of a governing body of any city or town, and no employee of a city or town, and no member of the governing body of the county in which the District is situated, and no employee of the county in which the District is situated, shall be a director. In the event and to the extent that any of the provisions of the general laws referred to in this Section are in conflict with or inconsistent with any of the provisions of this Act relating to the appointment, powers, authority and duties of the board of directors and its members, the provisions of this Act shall prevail. The board of directors shall be appointed by a Citizens Committee. The Citizens Committee shall consist of three (3) members appointed as follows: one (1) to be appointed by the Commissioners Court of Reagan County, Texas, one (1) to be appointed by the City Council of the City of Big Lake, Texas, and the third member to be appointed by the two (2) members so appointed by the Commissioners Court of Reagan County and the City Council of the City of Big Lake. Any vacancy on the Citizens Committee shall be filled by the entity that he represents, or, if it be the committeeman appointed by the two (2) entities, then the existing committeemen shall appoint the third member as provided for in the original committee. * * *

"Sec. 4. It is hereby found and determined that all of the lands included within the boundaries of the District

will be benefited and that the District is created to serve a public use and benefit. Within thirty (30) days after the effective date of this Act, the Commissioners Court of Reagan County shall, without the necessity of having a petition presented, order an election to be held within said District for the purpose of confirming the organization of the District, provided that said election shall not be sooner than sixty (60) days nor later than ninety (90) days after same is ordered. The proposition to be voted upon shall be clearly stated on the ballot. Only qualified electors who reside in and who own taxable property in such District and who have duly rendered the same for taxation to the county in which it is situated, shall be qualified to vote in said election. Notice of said election shall be published at least twice in a newspaper of general circulation in the District, at least thirty (30) days, and at least ten (10) days respectively, prior to the date of the election. Returns of said election shall be made to the Commissioners Court and the Commissioners Court shall canvass such returns and declare the result of said election. No hearings shall be held to determine whether any lands included within the boundaries of the District should be excluded. * * "

"Art. 7775a. * * *

"No town, city or municipal corporation shall be included within any district organized hereunder, unless the proposition for the organization thereof shall have been adopted by a majority vote of the voters therein participating in such election. Any such municipal corporation included within a district shall be a separate voting district and the ballots cast therein shall be counted and canvassed to show the result of such election therein. No district hereafter organized embracing a town, city or municipal corporation shall include lands outside of such municipal corporation, unless the election held therein

to confirm and ratify the formation of such district shall be adopted thereby independent of the vote in such municipal corporation. * * * "

The act creating the District further provides for the issuance of bonds not to exceed $850,000; that taxes shall be levied on an ad valorem basis, and no hearing shall be required on the plan of taxation; that the valuation for tax purposes shall be the same as for property carried on the County tax rolls.

So far as we can see, the Act provides completely for the creation, organization and confirmation of the District. Appellants base their contention that said Article 7775a should be incorporated in the Act creating the Reagan County Water Supply District by reference, because of Section 2 and the first sentence of Section 3 of said Article 8280–181, as above quoted. It will be noticed that the reference to the general laws of Texas applicable to water supply districts does not refer to those laws insofar as the creation, organization and confirmation of said district is concerned. It appears to us that the general laws which are made a part of said Act by reference are only those laws which pertain to the District after its creation, organization and confirmation. The Legislature was cognizant of the fact that Big Lake was an incorporated city, because it provided for the appointment of a Citizens Committee by the City Council of Big Lake and by the Commissioners' Court of the County. It is apparent that this District created by the Legislature, composing the entire County of Reagan, was to be controlled jointly by the County and by the City of Big Lake through its Citizens Committee, which had the power of appointment of directors of the District. Nowhere in the Act are the general laws pertaining to creation, organization and confirmation of districts made a part of the Act by reference. We think it was the intention of the Legislature that the Reagan County Water Supply District should be confirmed as a district comprising

the entire County of Reagan, or not at all. To assure such a result, the Legislature stated in the Act itself that it found that all the lands included within the boundaries of Reagan County would be benefited by the creation of said District, and that no hearings should be held as to whether any lands included within the boundaries of the District should be excluded.

Judgment of the trial court is affirmed.

WILLIAMS, J., not participating.